## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

**PB&J TOWING SVC., I&II, LLC,**

     **Plaintiff,**

**v.**                                                   No._____
                                                         **JURY DEMANDED**

**SAMUEL HINES, Individually and as**
**Commander of Traffic/Special Operations**
**Division of the Memphis Police Department;**
**DEBRA STREETER, Individually and as**
**Member of Memphis Police Department board;**
**NATHANIEL JACKSON, Individually and as**
**Member of Memphis Police Department board;**
**KAREN ARMSTRONG, Individually and as**
**Member of Memphis Police Department board;**
**STACY SMITH, Individually and as**
**Member of Memphis Police Department board;**
**MARK TAYLOR, Individually and as**
**Member of Memphis Police Department board; and**
**THE CITY OF MEMPHIS,**

     **Defendants.**

---

## COMPLAINT

---

COMES NOW the Plaintiff PB&J Towing Svc., I&II, LLC (hereinafter also referred to as "PB&J Towing"), by and through counsel, and hereby brings this Action against Defendants Samuel Hines (hereinafter also referred to as "Defendant Hines" and collectively as "Defendants"), Individually and as Commander of Traffic/Special Operations of the Memphis Police Department, Debra Streeter (hereinafter also referred to as "Defendant Streeter" and collectively as "Defendants"), Individually and as Member of Memphis Police Department board, Nathaniel Jackson (hereinafter also referred to as

"Defendant Jackson" and collectively as "Defendants"), Individually and as Member of Memphis Police Department board, Karen Armstrong (hereinafter also referred to as "Defendant Armstrong" and collectively as "Defendants"), Individually and as Member of Memphis Police Department board, Stacy Smith (hereinafter also referred to as "Defendant Smith" and collectively as "Defendants") , Individually and as Member of Memphis Police Department board, Mark Taylor (hereinafter also referred to as "Defendant Taylor" and collectively as "Defendants"), Individually and as Member of Memphis Police Department board, and The City of Memphis (hereinafter also referred to as "the City" and collectively as "Defendants") to redress deprivation of rights and privileges secured by the United States Constitution and the Constitution and laws of the State of Tennessee and Memphis, Shelby County, Tennessee by persons acting under color of law.  In support, PB&J Towing would show unto this Honorable Court as follows:

PARTIES, JURISDICTION, AND VENUE

1.  PB&J Towing Svc., I&II, LLC is a limited liability company formed in the State of Tennessee with its principal office located in Memphis, Shelby County, Tennessee.

2.  Upon information and belief, Defendant Samuel Hines is an adult resident citizen of Memphis, Shelby County, Tennessee and, at all times relevant, was the Commander of the Traffic/Special Operations Division of the Memphis Police Department.  Defendant Hines is sued individually and in his official capacity.

3.  Upon information and belief, Defendant Debra Streeter is an adult resident citizen of Memphis, Shelby County, Tennessee and, at all times relevant, was a Member of an unnamed board formed by the Memphis Police Department that reviewed the decision

2

to remove PB&J Towing from the Zone 6 emergency towing rotation list of the City of Memphis.  Defendant Streeter is sued individually and in her official capacity.

4.   Upon information and belief, Defendant Nathaniel Jackson is an adult resident citizen of Memphis, Shelby County, Tennessee and, at all times relevant, was a Member of an unnamed board formed by the Memphis Police Department that reviewed the decision to remove PB&J Towing from the Zone 6 emergency towing rotation list of the City of Memphis.  Defendant Jackson is sued individually and in his official capacity.

5.  Upon information and belief, Defendant Karen Armstrong is an adult resident citizen of Memphis, Shelby County, Tennessee and, at all times relevant, was a Member of an unnamed board formed by the Memphis Police Department that reviewed the decision to remove PB&J Towing from the Zone 6 emergency towing rotation list of the City of Memphis.  Defendant Armstrong is sued individually and in her official capacity.

6.  Upon information and belief, Defendant Stacy Smith is an adult resident citizen of Memphis, Shelby County, Tennessee and, at all times relevant, was a Member of an unnamed board formed by the Memphis Police Department that reviewed the decision to remove PB&J Towing from the Zone 6 emergency towing rotation list of the City of Memphis.  Defendant Smith is sued individually and in her official capacity.

7. Upon information and belief, Defendant Mark Taylor is an adult resident citizen of Memphis, Shelby County, Tennessee and, at all times relevant, was a Member of an unnamed board formed by the Memphis Police Department that reviewed the decision to remove PB&J Towing from the Zone 6 emergency towing rotation list of the City of Memphis.  Defendant Taylor is sued individually and in his official capacity.

8.   Upon information and belief, Defendant The City of Memphis is a municipal corporation duly chartered and organized under the laws of the State of Tennessee that may be served with process via the City's Mayor, Jim Strickland, at 125 N. Main Street, Memphis, Tennessee 38103.

9.   This Honorable Court enjoys jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 as PB&J Towing seeks damages pursuant to 42 U.S.C. § 1983 for violation of its constitutional rights relative to the removal of PB&J Towing from the Zone 6 emergency towing rotation list of the City of Memphis.

10.   The Western Division of the Western District of Tennessee is the proper venue for this Cause pursuant to 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 123(c)(2) as a substantial part of the acts and omissions giving rise to PB&J Towing's claim occurred in Shelby County, Tennessee.

## FACTS

11.   By incorporation through reference, PB&J Towing restates all previous allegations and averments.

12.   The City of Memphis, pursuant to Municipal Code § 6-88-1 *et seq.*, authorizes the use of private wrecker services to conduct emergency wrecker services in assigned zones as part of the City's emergency rotation list, provided that such wrecker service companies possess *inter alia* a storage lot sufficient to store twenty-five vehicles, obtain a Use and Authorization Permit, possess two wrecker vehicles for each zone, and pay a fee of fifty dollars for each truck in the Zone.

13.   Once a private wrecker service has been approved to provide emergency wrecker services in one of the City's assigned zones, the City's Permits Office issues the

wrecker service a decal to be displayed on each wrecker vehicle assigned to the zone pursuant to Municipal Code § 6-88-33.

14. On or about May 19, 2017, PB&J Towing submitted an application to provide emergency wrecker services for Zone 6 of the City of Memphis.

15. On or about June 21, 2017, the City of Memphis conducted an inspection of PB&J Towing's location in Zone 6 incident to the application.

16. Following the inspection, PB&J Towing incurred expense to address issues raised by the City of Memphis concerning PB&J Towing's Zone 6 location incident to the inspection.

17. On or about June 30, 2017, PB&J towing submitted a revised application to provide emergency wrecker services for Zone 6 of the City of Memphis.

18. Following submission of the revised application on or about June 30, 2017, the City of Memphis conducted a second inspection of PB&J Towing's Zone 6 location.

19. Following the second inspection of PB&J Towing's Zone 6 location, the City of Memphis approved PB&J Towing's application to provide emergency wrecker services for Zone 6 of the City of Memphis and, on August 16, 2017, issued emergency wrecker decals to PB&J Towing to be displayed on each wrecker vehicle assigned to Zone 6 pursuant to Municipal Code § 6-88-33.

21. After approving PB&J Towing's application to provide emergency wrecker services for Zone 6 of the City of Memphis, the City of Memphis did not assign any emergency towing calls to PB&J Towing, and PB&J Towing thereafter made inquiry regarding the lack of emergency towing assignments in Zone 6.

22.  On or about September 7, 2017, Defendant Samuel Hines wrote PB&J Towing to inform PB&J Towing that its application to provide emergency wrecker services for Zone 6 of the City of Memphis had purportedly been denied "due to sustained citizen complaints" and, further, that PB&J Towing had the right to appeal the decision within five days.

23.  PB&J Towing timely appealed the decision and, on September 28, 2017, Defendant Samuel Hines convened a hearing on the appeal before an unnamed board of the Memphis Police Department, consisting of Defendant Streeter, Defendant Jackson, Defendant Armstrong, Defendant Smith, and Defendant Taylor, before a contingent of approximately twenty uniformed and unnamed Memphis Police Department officers.

24.  At the hearing of September 28, 2017, the Defendants provided PB&J Towing with a list of alleged complaints and violations for the very first time and demanded that PB&J Towing respond to the same contemporaneously at the hearing.  Thereafter, the Defendants excluded PB&J Towing's representatives from the hearing room and presumably deliberating among themselves and the large contingent of unnamed Memphis Police Department officers.  The Defendants then summoned PB&J Towing's representatives back into the hearing room and informed PB&J Towing that the hearing would be reset to another date.

25.  On October 18, 2017, the appeal hearing reconvened before the unnamed board of the Memphis Police Department, again consisting of Defendant Streeter, Defendant Jackson, Defendant Armstrong, Defendant Smith, and Defendant Taylor, without the presence of the large contingent of unnamed Memphis Police Department officers.

26.  At the hearing, there was no material evidence presented to the unnamed board of the Memphis Police Department to sustain the allegations purportedly made against PB&J Towing.

27.  At the conclusion of the hearing, Defendant Streeter, Defendant Jackson, Defendant Armstrong, Defendant Smith, and Defendant Taylor voted to uphold Defendant Hines's decision to purportedly deny PB&J Towing's application to provide emergency wrecker services for Zone 6 of the City of Memphis.

28.  PB&J Towing has no other or further administrative remedies available to it to redress the Defendants' deprivation of due process guarantees afforded PB&J Towing by the City of Memphis's ordinances, the Constitution of the State of Tennessee, and the Constitution of the United States of America.

## CLAIMS

### COUNT ONE: DUE PROCESS VIOLATION

29.  By incorporation through reference, PB&J Towing restates all previous allegations and averments.

30.  Contrary to the position taken by Defendant Samuel Hines in the letter of September 7, 2017, the actions of each and every Defendant served to *remove* PB&J Towing from the Zone 6 emergency towing rotation list of the City of Memphis rather than deny PB&J Towing's application to provide emergency wrecker services in Zone 6.

31.  The Defendants removed PB&J Towing from the Zone 6 emergency towing rotation list of the City of Memphis before, and without, providing PB&J Towing notice of any complaint, a hearing before the Permits Administrator, or the right and ability for PB&J Towing to file an appeal with the Memphis Transportation Commission.

32.    PB&J Towing enjoyed a constitutionally protected property interest in remaining on the Zone 6 emergency towing rotation list of the City of Memphis and, further, could only be removed from the emergency towing rotation list on the limited grounds provided in Municipal Code § 6-88-50. *See PB&J Towing Serv. I&II, LLC v. Aubrey Howard*, No. 15-cv-2790-SHL-cgc, Order Denying Motion to Dismiss at 5-9 (Aug. 3, 2016).

33.    All times mentioned herein, the Defendants were acting knowingly and intentionally under the color of authority to subject PB&J Towing to harm and mistreatment in a manner which exceeded Defendants' official capacity and served to violate PB&J Towing's protected property interest in violation of the United States Constitution and the Constitution and laws of the State of Tennessee and Memphis, Shelby County, Tennessee.

34.    The acts and omissions of the Defendants, acting under color of authority, intentionally and knowingly caused PB&J Towing significant financial harm and subjected PB&J Towing to mistreatment by denying and impeding PB&J Towing's right of due process of law in violation of the United States Constitution and the Constitution and laws of the State of Tennessee and Memphis, Shelby County, Tennessee.

COUNT TWO: CIVIL CONSPIRACY

35.    By incorporation through reference, PB&J Towing restates all previous allegations and averments.

36.    Incident to the removal of PB&J Towing from the Zone 6 emergency towing rotation list, the Defendants, acting in concert with one another, entered into an agreement, expressly or by implication, through their participation in or condoning of the actions

complained of herein, to engage in conduct that was wrongful, intentional, willful, wanton, and designed to violate the civil and constitutional rights of PB&J Towing including, but not limited to, the right to procedural due process.

37.   The Defendants' agreement to engage in or allow persons under their supervision and control to engage in such conduct was illegal and amounted to a civil conspiracy to cause harm to and violate the civil and constitutional rights of PB&J Towing.

38.   Defendants agreed, both explicitly and tacitly, to wrongfully remove PB&J Towing from the Zone 6 emergency towing rotation list without any valid and lawful basis for doing so.

39.   Each of the Defendants agreed to commit unlawful acts and to assist other Defendants in committing unlawful acts in violation of PB&J Towing's constitutional rights as more fully laid out in the preceding paragraphs of this Complaint.

40.   As a direct and proximate consequence of the conduct of the Defendants as aforesaid, both known and unknown, the Defendants are liable to PB&J Towing for the civil conspiracy to engage in conduct they knew or reasonably should have known was against the law and public policy of the United States of America when the same manifested itself against the interests of PB&J Towing.

41.   At the times pertinent to this civil action, the Defendants acted with wanton and willful reckless disregard for the constitutional rights of PB&J Towing such that PB&J Towing is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission this civil conspiracy.

42.  As a result of the conspiracy between the Defendants, each Defendant is jointly and severally liable for the actions of each other Defendant.

COUNT THREE: PUNITIVE DAMAGES

43.  By incorporation through reference, PB&J Towing restates all previous allegations and averments.

44.  Prior to the events giving rise to the instant lawsuit, PB&J Towing sued City of Memphis personnel to redress violation of PB&J Towing's constitutional rights relative to removal of PB&J Towing from the emergency rotation list for Zone 3 in 2015 in a case styled *PB&J Towing Serv. I&II, LLC v. Aubrey Howard, et al.* and assigned docket number No. 15-cv-2790-SHL-cgc by this Honorable Court.

45.  On July 17, 2017, this Honorable Court entered a Judgment in favor of PB&J Towing in *PB&J Towing Serv. I&II, LLC v. Aubrey Howard, et al.*

46.  The acts of the Defendants to deprive PB&J Towing of its due process rights relative to Zone 6 as set forth in the preceding paragraphs of this Complaint were undertaken intentionally, deliberately, and willfully to retaliate against PB&J Towing for pursuing redress of the violation of PB&J Towing's constitution rights in *PB&J Towing Serv. I&II, LLC v. Aubrey Howard, et al.*

47.  The Defendants specifically targeted PB&J Towing, sought to harass and intimidate PB&J Towing, and ultimately acted in concert to deprive PB&J Towing of its constitutionally protected property interest in remaining on the Zone 6 emergency towing rotation list.

48.  The Defendants acts are shocking, egregious, and warrant an award of punitive damages to deter the Defendants from further acts to deprive PB&J Towing of its rights

under the United States Constitution and the Constitution and laws of the State of Tennessee and Memphis, Shelby County, Tennessee.

**JURY DEMAND**

49.   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PB&J Towing demands a jury trial of this Action as is its right pursuant to Amendment VII of the Constitution of the United States of America.

WHEREFORE, PREMISES CONSIDERED, Plaintiff PB&J Towing Svc., I&II, LLC prays that this Honorable Court enter a Judgment in its favor for compensatory damages and punitive damages not to exceed $2,000.00.00; awarded PB&J Towing its attorney's fees, court costs, discretionary costs, prejudgment interest, and post-judgment interest; issue an injunction requiring PB&J Towing to be immediately reinstated to the Zone 6 emergency towing rotation list; and award PB&J Towing any other relief to which it is entitled pursuant to the Constitution and laws of the United States of America, and the Constitution and laws of the State of Tennessee and Memphis, Shelby County, Tennessee.

Respectfully submitted,

McDONALD KUHN, PLLC

/s/ Joseph B. Baker
Joseph B. Baker (28046)
5400 Poplar Avenue, Suite 330
Memphis, Tennessee 38119
(901) 526-0606
*Attorneys for the Plaintiff*

## OATH

I, Patrick Lawrence, President and Chief Executive Officer for PB&J Towing Svc.,

I&II, LLC, first being sworn, make oath and verify that I have read the foregoing complaint

and that it is true and correct to the best of my knowledge, information, and belief.

Patrick Lawrence

STATE OF TENNESSEE
COUNTY OF SHELBY

On this the *13* day of August 2018, personally appeared before me Patrick
Lawrence, to me personally known or proved to me to be the person described in and who
executed the foregoing instrument, and acknowledge that he executed same as his free will
and deed.

Notary Public

MY COMMISSION EXPIRES:

*3-30-2020*

12