IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

PB&J TOWING SVC., I&II, LLC,      )
                                  )
    Plaintiff,                  )
                                  )
v.                                )     No.  2:18-cv-2556
                                  )
SAMUEL HINES, Individually and    )
as Cmdr. of Traffic/Special       )
Operations Division of the        )
Memphis Police Department; DEBRA  )
STREETER, Individually and as     )
Member of Memphis Police          )
Department Board; NATHANIEL       )
JACKSON, Individually and as      )
Member of Memphis Police          )
Department Board; KAREN           )
ARMSTRONG, Individually and as    )
Member of Memphis Police          )
Department Board; STACY SMITH,    )
Individually and as Member of     )
Memphis Police Department Board;  )
MARK TAYLOR, Individually and as  )
a Member of Memphis Police        )
Department Board; and THE CITY    )
OF MEMPHIS,                       )
                                  )
    Defendants.                 )

---

ORDER

---

    Plaintiff PB&J Towing Svc., I&II, LLC ("PB&J Towing") brings

this action for due process violations and civil conspiracy under

42 U.S.C. § 1983. (ECF No. 1.) Before the Court is Defendants

Samuel Hines, Debra Streeter, Karen Armstrong, Stacy Smith, Mark

Taylor (the "Individual Defendants") and the City of Memphis's

(the "City")(collectively, the "Defendants") Motion to Dismiss, filed on August 6, 2019. (ECF No. 40.) PB&J Towing responded on September 3, 2019. (ECF No. 46.) The Individual Defendants and the City replied on September 12, 2019.[1] (ECF No. 50.)

For the following reasons, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part.

## I. Background

The following facts are taken from PB&J Towing's Complaint and the ordinances of the City of Memphis:

PB&J Towing is a towing company that operates its wrecker[2] service in Memphis, Tennessee. (ECF No. 1 ¶ I.) Defendant Samuel Hines is the Commander of the Traffic/Special Operations Division of the Memphis Police Department. (Id. ¶ 2.) Defendants Debra Streeter, Nathaniel Jackson,[3] Karen Armstrong, Stacy Smith, and Mark Taylor were members of a panel, formed by the Memphis Police Department, that reviewed the purported denial of PB&J Towing's application to provide emergency wrecker services for the City.[4] (Id. ¶¶ 3-7.)

---

[1] Although both the Individual Defendants and the City filed briefs, the Motion to Dismiss addresses only claims against the Individual Defendants in their individual capacities. (See ECF No. 40 at 147.)

[2] A wrecker is a tow truck. See Memphis City Ord. § 6-88-2.

[3] Defendant Nathaniel Jackson has not moved to dismiss. He has not been served, and the court-extended deadline for service has passed. (See ECF Nos. 24, 34 (granting request for extension of time to serve until February 10, 2019).)

[4] It is unclear from the record what official positions, if any, the Individual Defendants hold. The City represents that these "individual defendants were members of an unnamed board and acting in their official

The City of Memphis contracts with wrecker companies to provide emergency services in different areas or "zones" of the City. Memphis City Ord. § 6-88-29. Wreckers are dispatched to accidents and other situations that require prompt clearance of the roadway. Id. §§ 6-88-10 & -26(D). The City dispatches wreckers from what is known as a "police rotation list" (the "Rotation List"). Id. Wrecker companies must apply and comply with all applicable regulations to be placed on the Rotation List. Id. §§ 6-88-28(L) & -29(A). Once a wrecker service has been approved to be on the Rotation List, it is assigned to one of the City's zones and the City's Permit Office issues decals to be displayed on each wrecker vehicle assigned to the zone. Id. § 6-88-33.

On May 19, 2017, PB&J Towing applied to provide emergency wrecker services for Zone 6 of the City of Memphis. (ECF No. 1 ¶ 14.) The City inspected PB&J Towing's lot in Zone 6 as part of the application process. (Id. ¶ 15.) After the inspection, the City raised issues about PB&J Towing's lot. (Id. ¶ 16.) PB&J Towing paid to fix those issues and, on June 30, 2017, PB&J Towing submitted a revised application. (Id. ¶¶ 16-17.) After submission of the revised application, the City conducted a second inspection of PB&J Towing's lot in Zone 6. (Id. ¶ 18.) After that inspection,

_____

capacity on behalf of the City, even though some, if not all, of the individual defendants were not City employees." (ECF No. 40-1 at 152 n.1.)

the City approved PB&J Towing's application to provide emergency wrecker services and issued emergency wrecker decals to PB&J Towing to be displayed on each wrecker vehicle assigned to Zone 6.[5] (Id. ¶ 19.)  After receiving its emergency wrecker decals, PB&J Towing did not receive any emergency towing calls from the City.  (Id. ¶ 21.)  PB&J Towing inquired about the lack of calls.  (Id.)

On September 7, 2017, Samuel Hines wrote to PB&J Towing to inform it that its application had been denied "due to sustained citizen complaints."  (Id. ¶ 22.)  Hines informed PB&J Towing that it had the right to appeal his decision within five days.  (Id.)  PB&J Towing timely appealed the decision, and, on September 28, 2017, Hines convened an appeal hearing before a panel consisting of Defendants Streeter, Jackson, Armstrong, Smith, and Taylor.  (Id. ¶ 23.)

At the appeal hearing, the Individual Defendants provided PB&J Towing with a list of alleged complaints and violations and asked PB&J Towing to respond.  (Id. ¶ 24.)  Because PB&J Towing was unprepared to respond, having heard them for the first time, it asked for a continuance.  The hearing was reset to October 18, 2017.  (Id.; ECF No. 27 ¶ 24.)  At the second hearing, the panel,

---

[5] Defendants admit that PB&J Towing was given emergency wrecker service decals, but contend that this was an error and that the error was not evidence of approval of PB&J Towing's application.  (See ECF No. 27 ¶¶ 19, 21.)

consisting of the same members,[6] voted to uphold Hines's decision to deny PB&J Towing's application to provide emergency wrecker services for the City. (ECF No. 1 ¶¶ 25-27.)

On August 14, 2018, PB&J Towing filed this lawsuit against the City and Individual Defendants under 42 U.S.C. § 1983, alleging due process violations and a civil conspiracy arising from PB&J Towing's removal from the Zone 6 emergency wrecker towing rotation. (ECF No. 1.) PB&J Towing asserts that it was deprived of its constitutionally protected procedural due process property interest under the Fourteenth Amendment when Hines removed it from the Rotation List without notice or hearing. (Id. ¶¶ 29-34.) PB&J Towing contends that, after its removal from the Rotation List, the Individual Defendants and the City conspired to continue PB&J Towing's deprivation by forming a panel for purposes of conducting a "perfunctory hearing" to review Hines's determination. (Id. ¶¶ 35-42; ECF No. 46-1 at 196.)[7]

On August 6, 2019, the Individual Defendants moved to dismiss PB&J Towing's claims, arguing that they are entitled to qualified immunity or quasi-judicial immunity from PB&J Towing's due process claims, and that PB&J Towing fails to plead sufficient facts to support its conspiracy claim. (See ECF No. 40.)

---

[6] Defendants contest that Smith attended the first hearing, but concede that she was at the second hearing. (See ECF No. 27 ¶¶ 23-25.)

[7] Unless otherwise noted, all pin cites for record citations are to the "PageID" page number.

## II.  Jurisdiction

The Court has federal question jurisdiction.  Under 28 U.S.C. § 1331, district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."  PB&J Towing asserts violations of its constitutional rights and seeks relief under 42 U.S.C. § 1983. (ECF No. 1 ¶ 9.)  Its claims arise under the laws of the United States.

## III. Standard of Review

Rule 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."  Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993). A motion to dismiss tests only whether the plaintiff has pled a cognizable claim and allows the court to dismiss meritless cases that would waste judicial resources and result in unnecessary discovery.  See Brown v. City of Memphis, 440 F. Supp. 2d 868, 872 (W.D. Tenn. 2006).

When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009)(quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). If a court decides in light of its judicial experience and common sense that the claim is not plausible, the case may be dismissed at the pleading stage. <u>Iqbal</u>, 556 U.S. at 679. The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555.

A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. A complaint need not contain detailed factual allegations. However, a plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u>

**IV. Analysis**

The Defendants argue that the Court should dismiss PB&J Towing's claims because: (1) the Individual Defendants are entitled to qualified immunity; (2) the Individual Defendants are entitled to quasi-judicial immunity; and (3) PB&J Towing does not sufficiently plead a civil conspiracy claim. (ECF No. 40.)

PB&J Towing argues that its application to be added to the Rotation List was approved by the City and that the Permit Office's issuance of decals corroborates this. (<u>See</u> ECF No. 1 ¶¶ 30-31; No. 46-1 at 198-204.) Because PB&J Towing was properly accepted

and added on to the Rotation List, Defendants acted to remove PB&J Towing from the list, and thus, deprived it of a vested property interest.  (See id.)

Defendants argue that PB&J Towing's application was never approved and that the issuance of the decals was an administrative accident.  (ECF No. 27 ¶¶ 19, 21.)  Because PB&J Towing's application was never approved, Defendants' actions only served to deny PB&J Towing's application. (See id.)  Thus, Defendants argue, there was no constitutional violation because any property right PB&J Towing might have had never vested.  (See id.)

At the motion to dismiss stage, the court must accept as true all well-pled factual allegations, construe the complaint in the light most favorable to the plaintiff, and draw all reasonable inferences in the light most favorable to the plaintiff. Courtright v. City of Battle Creek, 839 F.3d 513, 518 (6th Cir. 2016); League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).  PB&J Towing has plausibly pled that its application was approved by the City.  (ECF No. 1 ¶¶ 29-34.)  That allegation is accepted as true.

### A. Qualified Immunity

Qualified immunity does not protect Hines from PB&J Towing's due process claim because PB&J Towing plausibly alleges that Hines violated its clearly-established due process rights.  PB&J Towing

does not adequately allege that the other Individual Defendants violated its due process rights.

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Government officials are entitled to raise a qualified immunity defense by a motion to dismiss to protect against the burdens of discovery and other pre-trial procedures. Behrens v. Pelletier, 516 U.S. 299, 308 (1996). Exercise of this right early on might not be "a wise choice in every case," as it requires the court to potentially "decide far-reaching constitutional questions on a nonexistent factual record." Kwai Fun Wong v. United States, 373 F.3d 952, 956-57 (9th Cir. 2004). That is especially problematic, where, as here, a factual dispute might determine the extent and outcome of the constitutional question. See Evans-Marshall v. Bd. of Educ. of Tipp City Exempted Vill. Sch. Dist., 428 F.3d 223, 235 (6th Cir. 2005)(Sutton, J., concurring)(observing that the fact-intensive nature of qualified immunity makes it "difficult for a defendant to claim qualified immunity on the pleadings before discovery")(emphasis in original); see also Guertin v. State, 912 F.3d 907, 917 (6th Cir. 2019).

The Sixth Circuit has advised that "it is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity. Although an officer's entitlement to qualified immunity is a threshold question to be resolved at the earliest possible point, that point is usually summary judgment and not dismissal under Rule 12." Wesley v. Campbell, 779 F.3d 421, 433–34 (6th Cir. 2015)(internal alterations and citations omitted).

A two-tiered inquiry governs qualified immunity cases. See Ferris v. City of Cadillac, 726 F. App'x 473, 478 (6th Cir. 2018)(citing Martin v. City of Broadview Heights, 712 F.3d 951, 957 (6th Cir. 2013)). "First, taken in the light most favorable to the party asserting the injury, do the facts alleged show that the officer's conduct violated a constitutional right?" Cahoo v. SAS Analytics Inc., 912 F.3d 887, 897 (6th Cir. 2019). "Second, is the right clearly established?" Id. "[A] Court may address these prongs in either order." Id. "If either prong is not met, then the government officer is entitled to qualified immunity." Id. at 897-98.

### 1. Constitutional Violation

PB&J Towing adequately alleges that Hines violated its procedural due process rights by removing it from the Rotation List without meaningful pre-deprivation process. PB&J Towing does

not adequately allege that Streeter, Armstrong, Smith, and Taylor violated its procedural due process rights.

The Fourteenth Amendment provides that "[n]o state shall deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "[T]he Due Process Clause provides that certain substantive rights — life, liberty, and property — cannot be deprived except pursuant to constitutionally adequate procedures." Chandler v. Vill. of Chagrin Falls, 296 F. App'x 463, 468 (6th Cir. 2008). "The Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits." Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 576 (1972).

"In order to establish a procedural due process claim, a plaintiff must show that (1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the property interest." Albrecht v. Treon, 617 F.3d 890, 894 (6th Cir. 2010)(citing Women's Med. Prof'l Corp. v. Baird, 438 F.3d 595, 611 (6th Cir. 2006)(citation omitted)).

a. **Protected Property Interest**

"To have a property interest in a benefit, a person clearly must have more than . . . a unilateral expectation of it. He must,

instead, have a legitimate claim of entitlement to it." <u>Roth</u>, 408 U.S. at 577. "Property interests 'arise from sources such as state statutes, local ordinances, established rules, or mutually explicit understandings.'" <u>Abercrombie v. City of Catoosa</u>, 896 F.2d 1228, 1231 (10th Cir. 1990)(quoting <u>Dickeson v. Quarberg</u>, 844 F.2d 1435, 1437 (10th Cir. 1988)); <u>see also</u> <u>Warren v. City of Athens</u>, 411 F.3d 697, 708 (6th Cir. 2005)("Property rights are created and defined not by the Constitution but by independent sources such as state law.")(citing <u>Thomas v. Cohen</u>, 304 F.3d 563, 576 (6th Cir. 2002)).

A wrecker company can have a property interest in remaining on a wrecker call list if there are "established procedures" that "create a legitimate claim of entitlement to remaining on [a rotation] list." <u>See</u> <u>Lucas v. Monroe Cty.</u>, 203 F.3d 964, 978 (6th Cir. 2000)(internal quotation marks omitted); <u>Blackburn v. City of Marshall</u>, 42 F.3d 925, 938 (5th Cir. 1995)("[C]ourt[s] ha[ve] found a property interest in remaining on a rotation list[] [when] the plaintiff has alleged a claim of entitlement supported or created by a formal and settled source such as a state statute or regulatory scheme."); <u>id.</u> at 938-941 (collecting cases); <u>Pritchett v. Lanier</u>, 766 F. Supp. 442, 448-49 (D.S.C. 1991), <u>aff'd and remanded sub nom.</u> <u>Pritchett v. Alford</u>, 973 F.2d 307 (4th Cir. 1992); <u>Gregg v. Lawson</u>, 732 F. Supp. 849, 853 (E.D. Tenn. 1989); <u>see also</u> <u>Med Corp. v. City of Lima</u>, 296 F.3d 404, 410 (6th Cir.

2002)(holding that to assert entitlement to a property interest, one "must point to some policy, law, or mutually explicit understanding that both confers the benefit and limits the discretion of the City to rescind the benefit").

The United States District Court for the Western District of Tennessee has concluded that, under the City of Memphis's policy that governs the Rotation List, a wrecker company has a "constitutionally protected property interest in remaining on the Rotation List." PB&J Towing Service I&II, LLC v. Howard ("PB&J Towing I"), No. 15-cv-2790-SHL-cgc, Order Denying Motion to Dismiss (ECF No. 33 at 258-62). The court in PB&J Towing I concluded that PB&J Towing had a protected property interest in remaining on the Rotation List. The City's policy that governs removal is "extensive," "legislatively-enacted," and "constrain[ed]," because removal is limited to thirteen enumerated grounds in the Municipal Code. Id. at 260; PB&J Towing I, Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment (ECF No. 46 at 391-92). This reasoning is persuasive. PB&J Towing has a due process property interest and "legitimate claim of entitlement" in remaining on the Rotation List. Roth, 408 U.S. at 577.

### b. Deprivation of Property Interest

"[D]amage claims against government officials arising from alleged violations of constitutional rights must allege, with

particularity, facts that demonstrate what <u>each</u> defendant did to violate the asserted constitutional right." <u>Lanman v. Hinson</u>, 529 F.3d 673, 684 (6th Cir. 2008)(emphasis in original)(citing <u>Terrance v. Northville Reg'l Psychiatric Hosp.</u>, 286 F.3d 834, 842 (6th Cir. 2002)). The question is whether PB&J Towing has pled "facts that show the existence of the asserted constitutional rights violation" as to each Individual Defendant. <u>Terrance</u>, 286 F.3d at 842.

### i. Samuel Hines

PB&J Towing has pled sufficient facts to establish that Hines deprived it of its protected interest. PB&J Towing has pled that it was approved to be on the Rotation List; received decals supporting that approval; was not assigned any calls after having been approved; and, after inquiring about why it had not received any calls, was informed by Hines in a letter that its application had been denied "due to sustained citizen complaints." (ECF No. 1 ¶¶ 19-22.) PB&J Towing alleges that this letter from Hines "served to <u>remove</u>" it from the Rotation List.[8] (<u>Id.</u> ¶ 30)(emphasis in original). That is sufficient. Taking the facts in the light most favorable to the plaintiff, PB&J Towing has plausibly pled

---

[8] It is undisputed that Hines, as the Commander of Traffic/Special Operations of the Memphis Police Department, had the authority to remove PB&J Towing from the Rotation List. (<u>See</u> ECF No. 50 at 246); <u>see also</u> Memphis City Ord. § 6-88-50 ("The director of police services or his authorized designee may suspend or remove from the emergency wrecker call list, or revoke or suspend the permit of any wrecker operator . . . .").

that Hines's letter informed PB&J Towing of its removal from the Rotation List. Hines's actions deprived PB&J Towing of its protected property interest. Cf. PB&J Towing I, Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment (ECF No. 46 at 392)(finding that defendant's sending of an email advising plaintiff that it had been removed from the Rotation List caused plaintiff's deprivation).

### ii. Debra Streeter, Karen Armstrong, Stacy Smith, and Mark Taylor

PB&J Towing has not pled sufficient facts to show that the panel members deprived it of a protected due process property interest. PB&J Towing alleges that the panel members violated its constitutional due process rights when they "voted to uphold Defendant Hines's decision to purportedly deny PB&J Towing's application to provide emergency wrecker services for Zone 6 of the City of Memphis." (ECF No. 1 ¶ 27.) PB&J Towing frames the hearings that took place as "appeal hearing[s]." It pleads that Hines's letter gave PB&J Towing the "right to appeal [his] decision" and that PB&J Towing "timely appealed." (Id. ¶¶ 22-25.)

"The Due Process Clause . . . sets only the floor or lowest level of procedures acceptable." Flaim v. Med. Coll. of Ohio, 418 F.3d 629, 636 (6th Cir. 2005). Additional procedural protections, such as an appeal or review by a board, "are not required by due process nor do they give rise to any due process rights." Heyne

v. Metro. Nashville Pub. Sch., 655 F.3d 556, 569-70 (6th Cir. 2011)(holding that members of a board reviewing a school suspension could not be liable under § 1983 because plaintiff had no constitutional right to review of conduct that violated his procedural due process rights); United of Omaha Life Ins. Co. v. Solomon, 960 F.2d 31, 34 (6th Cir. 1992)("[C]ourts generally agree that no property interest exists in a procedure itself, without more.")(quoting Curtis Ambulance of Fla., Inc. v. Bd. of Cty. Comm'rs, 811 F.2d 1371, 1377 (10th Cir. 1987)); Smith on Behalf of Smith v. Severn, 129 F.3d 419, 429 (7th Cir. 1997)("Due process does not require review by a . . . board. . . . The completely gratuitous review by [a] board neither is required by due process nor gives rise to any due process rights."); Brewer by Dreyfus v. Austin Indep. Sch. Dist., 779 F.2d 260, 263 (5th Cir. 1985); McGrath v. Town of Sandwich, 22 F. Supp. 3d 58, 66 (D. Mass. 2014).

Individuals who review and affirm property-deprivation decisions that are unconstitutional generally cannot be held liable in their individual capacity absent evidence that they were "integrally involved" in the initial property-deprivation decision. See Heyne, 655 F.3d at 569-70 (reversing denial of qualified immunity in a motion to dismiss against individual defendants who participated in a review process but not in the initial property-deprivation decision and affirming denial of dismissal of a reviewing individual who played a role in the

initial suspension decision); Patrick v. Success Acad. Charter Sch., Inc., 354 F. Supp. 3d 185, 205 (E.D.N.Y. 2018)(dismissing procedural due process claim against individuals who affirmed a suspension decision).   Allowing such suits could expand constitutional liability to anyone who participates in reviewing a property-deprivation decision.   See Heyne, 655 F.3d at 570 ("Allowing [plaintiffs] to state claims for procedural due process violations against officials participating in the type of process the Constitution does not require would further formalize the suspension process and increase its adversarial nature, two undesirable outcomes.")(citing Goss v. Lopez, 419 U.S. 565, 583 (1975)).

"Process is not an end in itself.  Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement."  Olim v. Wakinekona, 461 U.S. 238, 250 (1983).   PB&J Towing has pled no facts to support a finding that the panel members were "integrally involved" in Hines's initial decision to remove PB&J Towing from the Rotation List.  Because PB&J Towing does not have a constitutional right to appellate "[p]rocess," in this instance an appeal of Hines's decision to remove it from the Rotation List, the actions of the panel members in voting to affirm Hines's decision did not violate PB&J Towing's constitutional rights.  That is true even given PB&J Towing's argument that, by voting to uphold Hines's decision to

remove it from the Rotation List, the panel continued the violation of PB&J Towing's rights. (See ECF No. 1 ¶ 30.); Heyne, 655 F.3d at 569-70.

PB&J Towing has not sufficiently pled that Debra Streeter, Karen Armstrong, Stacy Smith, and Mark Taylor violated its due process rights. The Motion to Dismiss PB&J Towing's due process claims against those Defendants in their individual capacities is GRANTED.

### c. Adequate Process

PB&J Towing had a property interest that entitled it to due process protection. The question is "what process [wa]s due." Leary v. Daeschner, 228 F.3d 729, 742 (6th Cir. 2000)(citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985)). "This determination is one of federal law and thus is not limited by the procedures that the state may have deemed to be adequate when it created the property right." Id.

Determining what process is due in a given case requires consideration of: the nature of the property interest involved (particularly its importance to the individual possessing it); the risk of an erroneous deprivation caused by inadequate procedures designed to safeguard the interest; the value, if any, that additional procedures might provide; and the state's burden in having to provide additional procedures. Mathews v. Eldridge, 424 U.S. 319, 334-35 (1976). Due process "must be fundamentally fair,

that is, it must be tailored to the protection of the legitimate property interest and provide the holder with sufficient opportunity to vindicate or protect those interests." <u>Gregg</u>, 732 F. Supp. at 854. "The [Supreme] Court has usually held that the Constitution requires some kind of a hearing <u>before</u> the State deprives a person of liberty or property." <u>Zinermon v. Burch</u>, 494 U.S. 113, 127 (1990)(emphasis in original)(collecting cases where the Supreme Court held that a hearing was needed before deprivation of a property right).

On the facts pled, Hines did not afford PB&J Towing sufficient procedural protections before depriving it of its protected property interest. <u>See PB&J Towing I</u>, Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment (ECF No. 46 at 393)(similar finding in similar situation); <u>Pritchett</u>, 766 F. Supp. at 449 (same). PB&J Towing has pled that it was removed "from the [Rotation List] before, and without, [sic] notice of any complaint, a hearing before the Permits Administrator, or the right and ability for [it] to file an appeal with the Memphis Transportation Commission." (ECF No. 1 ¶ 31.) Hines's letter alone does not satisfy due process. <u>See Gregg</u>, 732 F. Supp. at 855 ("A simple letter informing the plaintiff that he had become disqualified to do what he had previously been doing satisfactorily does not appear to be sufficient due process on the record presently before the Court.").

When viewing the facts in the light most favorable to PB&J Towing, it has sufficiently pled that Hines failed to afford it adequate procedural protections before removing it from the Rotation List.

**2. Clearly Established**

> A right is clearly established if the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right. The Supreme Court has repeatedly told courts not to define clearly established law at a high level of generality. Nonetheless, an official can be on notice that his conduct violates established law even in novel factual situations. As [the Sixth Circuit] has stated, the sine qua non of the "clearly established" inquiry is fair warning. There does not need to be a case directly on point, but existing precedent must have placed the . . . constitutional question beyond debate. The relevant inquiry is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.

Cahoo, 912 F.3d at 898 (internal citations and alterations omitted).

Here, there is a "case directly on point." Id. In a decision before Hines's September 7, 2017 letter to PB&J Towing, the United States District Court for the Western District of Tennessee concluded "that a reasonable official would have reason to know that removing [a wrecker company] from the Rotation List [without notice of a complaint or hearing] would constitute a deprivation of that property interest." PB&J Towing I, Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment (ECF No. 46 at 395); see also Pritchett, 973 F.2d at 317-18 (holding

20

that the right not to be removed from a wrecker list without any prior notice, opportunity to be heard, or other process, is "clearly established"). Having already established that Hines did not provide PB&J Towing with sufficient process before removing it from the Rotation List, this District's prior decision is directly on point. PB&J Towing's right not to be removed from the Rotation List was clearly established.

PB&J Towing has sufficiently pled facts that establish that Hines violated its clearly-established due process rights. Qualified immunity does not protect him. The Motion to Dismiss PB&J Towing's due process claim against Hines is DENIED.

### B. Quasi-Judicial Immunity

Because PB&J Towing has not adequately pled that the panel members violated its constitutional rights, the Court need not address the panel members' alternative argument that they are entitled to quasi-judicial immunity.[9]

### C. Civil Conspiracy Claim

"A claim for civil conspiracy under § 1983 exists only where the plaintiff has established a separate and actionable constitutional injury." Rapp v. Dutcher, 557 F. App'x 444, 450 (6th Cir. 2014)(citing Bauss v. Plymouth Twp., 233 F. App'x. 490,

---

[9] Although Defendants include Hines in the list of "Individual Defendants," in their briefing, Defendants' quasi-judicial immunity argument is directed only to the panel members. (See ECF No. 40-1 at 152-54; No. 50 at 244-46.) The Court need not address the merits of a quasi-judicial immunity argument as applied to Hines.

500 (6th Cir. 2007)); see Wiley v. Oberlin Police Dep't, 330 F. App'x 524, 530 (6th Cir. 2009)("[Plaintiff] cannot succeed on a conspiracy claim because there was no underlying constitutional violation that injured her."). Having dismissed the individual panel members because PB&J Towing has not sufficiently alleged that they violated its due process rights, PB&J Towing's conspiracy claim against them also fails.

Even if there were a "separate and actionable constitutional injury," the Court would dismiss the conspiracy claim because PB&J Towing has not alleged sufficient facts to support it.

In Spadafore v. Gardner, the Sixth Circuit stated the standard governing a § 1983 conspiracy claim:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

330 F.3d 849, 854 (6th Cir. 2003)(quoting Hooks v. Hooks, 771 F.2d 935, 943–44 (6th Cir. 1985)). "[P]leading requirements governing civil conspiracies are relatively strict." Fieger v. Cox, 524 F.3d 770, 776 (6th Cir. 2008)(citing Fisher v. City of Detroit, 4 F.3d 993 (6th Cir. 1993)). Although circumstantial evidence may prove a conspiracy, "[i]t is well-settled that conspiracy claims

must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." Spadafore, 330 F.3d at 854 (quoting Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir. 1987)). "'[F]ederal courts have come to insist that the complaint state with specificity the facts that, in the plaintiff's mind, show the existence and scope of the alleged conspiracy.'" Fisher, 4 F.3d 993 (quoting Slotnick v. Stavinskey, 560 F.2d 31, 33 (1st Cir. 1977)).

In its briefing, PB&J Towing does not cite any specific factual allegations in the Complaint to support its conspiracy claim. PB&J Towing argues only that:

> With respect to the sufficiency of pleading the civil conspiracy claim, PB&J Towing submits that its allegations of the Individual Defendants gathering not once, but twice, in the complete absence of jurisdiction to conduct a perfunctory hearing designed to continue the deprivation of PB&J Towing's property right constitutes specific factual averments of an agreement to injure PB&J Towing along with overt acts in pursuit of same.

(ECF No. 46-1 at 206.) That is not enough to meet the "relatively strict" pleading requirement of a § 1983 conspiracy claim. Fieger, 524 F.3d at 776.

The discussion of civil conspiracy in the Complaint is vague and conclusory. (See ECF No. 1 ¶¶ 35-42)(e.g., "Defendants, acting in concert with one another, entered into an agreement, expressly or by implication, through their participation in or condoning of

the actions complained of herein, to engage in conduct that was . . . designed to violate the civil and constitutional rights of PB&J Towing including, . . . the right to procedural due process."; "The Defendants' agreement to engage in or allow persons under their supervision and control to engage in such conduct was illegal and amounted to a civil conspiracy to cause harm to and violate the civil and constitutional rights of PB&J Towing."). PB&J Towing's allegations of a conspiracy are no more specific than other conspiracy allegations the Sixth Circuit has held insufficient. See, e.g., Heyne, 655 F.3d at 564 (collecting cases). Legal conclusions that "masquerade[e] as factual allegations" do not satisfy pleading requirements. Terry v. Tyson Farms, Inc., 604 F.3d 272, 276 (6th Cir. 2010)(quoting Tam Travel, Inc. v. Delta Airlines, Inc., 583 F.3d 896, 903 (6th Cir. 2009)). PB&J Towing's legal conclusions are insufficient. See Jones v. City of Cincinnati, 521 F.3d 555, 559 (6th Cir. 2008).

PB&J Towing has not alleged facts that plausibly support a conspiracy claim. The Motion to Dismiss the conspiracy claim is GRANTED.

## V. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part.


So ordered this 15th day of January, 2020.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE